S. D. TAYLOR v. F. T. MILLS & SON.

(Filed 14 October, 1908.)

**Mortgagor and Mortgagee—Sale of Mortgaged Property—Purchaser—Surrender in Law—Measures of Damages—Questions for Jury.**

Defendant represented to plaintiff that he had a mortgage on a certain horse plaintiff had bought, whereupon plaintiff replied that if the horse was defendant's property he could go and get him. This the defendant afterwards did in plaintiff's absence. Subsequently plaintiff ascertained that defendant's mortgage had not been registered at the time of his purchase, and brought claim and delivery proceedings. Defendant replevied and then sold the horse: *Held,* (1) that defendant's taking the horse under the circumstances was not a surrender in law by the plaintiff; (2) that the question of laches as to defendant's registering the mortgage has no application, as he should have retained the possession until the mortgage was registered; (3) that the amount of recovery should be the value of the horse at the time it was wrongfully taken, with interest therefrom, and the amount paid for the horse by plaintiff was only to be considered by the jury upon the question of such value.

ACTION heard before *Biggs, J.,* and a jury, at December Term, 1908, of NEW HANOVER.

Defendants appealed.

*B. G. Empie* for plaintiff.
*Herbert McClammy* for defendants.

CLARK, C. J.  The defendants sold a horse, buggy and harness to one Fisher, on 10 June, and took a mortgage thereon.  The next day Fisher sold them to the plaintiff for $125.  On 12 June the defendant learned that the plaintiff had bought them, and told plaintiff that they were his property.  The plaintiff replied that if they were defendant's property he could come and get them.  The defendant sent and got them in plaintiff's absence, the messenger telling the plaintiff's wife her husband had sent him for them, which was not true.  Learning that defendants' claim was based on an unregistered mortgage, the plaintiff demanded possession of the property, and on refusal began this action, on 14 June, for claim and delivery of the property, and the papers were served the same day.  The mortgage was registered thereafter, on 18 June.  The jury found that the plaintiff was owner of the property, that it was worth $150, and that the plaintiff was entitled to recover as damages for the detention interest on said sum from 12 June, the date when defendants took the horse.  The horse was replevied by the defendants and has been since sold by them.

The defendants appealed from the verdict and judgment, assigning as error:

1. That, the plaintiff having admitted the horse was the property of the defendants and authorized the defendant to get it, there was a surrender in law.

Such is not the evidence.  The plaintiff said, on defendant's statement, that if it was defendant's property he could get it.  The horse was taken in his absence and without his authority, according to the testimony.

2. That if the defendant used due diligence in recording the mortgage, and there was not time to record it before Fisher sold the property to the plaintiff, there was no laches, and the defendant was entitled to the property.

This cannot be sustained. It was the defendant's own fault that he did not retain possession of the property until his mortgage was recorded. The doctrine of due diligence and absence of laches has no application.

3. That the plaintiff was entitled to recover only the sum paid for the property, *i. e.,* $125 and interest.

The plaintiff was entitled to recover the value of the property at the time it was wrongfully taken (which the jury have assessed at $150), with interest on that amount from the taking. His Honor told the jury that in arriving at the value of the property they could take into consideration that the plaintiff had paid $125 for it, and all the other evidence as to value, and find what it was worth at the time of the taking. The defendant testified that it had cost him $212.

No Error.